IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Southern Division

| | |
|---|---|
| JAMES P., | * |
| Plaintiff, | * |
| v. | * Civil No. TMD 17-2484 |
| NANCY A. BERRYHILL, | * |
| Acting Commissioner of Social Security, | * |
| Defendant.[1] | * |

**MEMORANDUM OPINION GRANTING DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT**

Plaintiff James P. seeks judicial review under 42 U.S.C. § 405(g) of a final decision of the Commissioner of Social Security ("Defendant" or the "Commissioner") denying his application for disability insurance benefits under Title II of the Social Security Act. Before the Court are Plaintiff's Motion for Summary Judgment (ECF No. 16) and Defendant's Motion for Summary Judgment (ECF No. 17).[2] Plaintiff contends that the administrative record does not contain substantial evidence to support the Commissioner's decision that he is not disabled. No hearing is necessary. L.R. 105.6. For the reasons that follow, Defendant's Motion for Summary

---

[1] On April 17, 2018, Nancy A. Berryhill became the Acting Commissioner of Social Security. *See* 5 U.S.C. § 3346(a)(2); *Patterson v. Berryhill*, No. 2:18-cv-00193-DWA, slip op. at 2 (W.D. Pa. June 14, 2018).

[2] The Fourth Circuit has noted that, "in social security cases, we often use summary judgment as a procedural means to place the district court in position to fulfill its appellate function, not as a device to avoid nontriable issues under usual Federal Rule of Civil Procedure 56 standards." *Walls v. Barnhart*, 296 F.3d 287, 289 n.2 (4th Cir. 2002). For example, "the denial of summary judgment accompanied by a remand to the Commissioner results in a judgment under sentence four of 42 U.S.C. § 405(g), which is immediately appealable." *Id.*

Judgment (ECF No. 17) is **GRANTED**, Plaintiff's Motion for Summary Judgment (ECF No. 16) is **DENIED**, and the Commissioner's final decision is **AFFIRMED**.

**I**

**Background**

On October 13, 2016, Administrative Law Judge ("ALJ") Irving A. Pianin held a hearing where Plaintiff and a vocational expert testified. R. at 34-61. The ALJ thereafter found on October 20, 2016, that Plaintiff was not disabled from December 12, 2012, through the date of the ALJ's decision. R. at 18-33. In so finding, the ALJ determined that Plaintiff had the residual functional capacity ("RFC")

> to perform light work as defined in 20 CFR 404.1567(b) except [Plaintiff] requires the option to alternate between sitting and standing on an occasional basis during the workday. [Plaintiff] can perform no more than occasional postural activity, and he cannot kneel or squat. [Plaintiff] requires work involving no climbing, or exposure to heights or hazards. He can perform no more than occasional overhead reaching with the right, dominant arm.

R. at 24. The ALJ found that, although Plaintiff could not perform his past relevant work as a carpenter, carpentry supervisor, and construction superintendent, he was capable of performing other work, such as an officer helper, information clerk, or cashier. R. at 28-29. Plaintiff thus was not disabled from December 12, 2012, through October 20, 2016. R. at 29-30. The ALJ further stated:

> At the hearing, the undersigned denied the motion to delay to obtain additional medical records. The undersigned notes that [Plaintiff's] representatives have been appointed to the case since December of 2013, providing them with ample time to obtain any outstanding medical records. Accordingly, the motion to delay to obtain additional medical evidence is hereby denied, because there is no basis to support a delay.

R. at 21; *see* R. at 38-39.

After the Appeals Council denied Plaintiff's request for review, Plaintiff filed a complaint in this Court on August 29, 2017, seeking review of the Commissioner's decision. Upon the parties' consent, this case was transferred to a United States Magistrate Judge for final disposition and entry of judgment. The case then was reassigned to the undersigned. The parties have briefed the issues, and the matter is now fully submitted.

II

**Disability Determinations and Burden of Proof**

The Social Security Act defines a disability as the inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment that can be expected to result in death or that has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A); 20 C.F.R. §§ 404.1505, 416.905. A claimant has a disability when the claimant is "not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists . . . in significant numbers either in the region where such individual lives or in several regions of the country." 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B).

To determine whether a claimant has a disability within the meaning of the Social Security Act, the Commissioner follows a five-step sequential evaluation process outlined in the regulations. 20 C.F.R. §§ 404.1520, 416.920; *see Barnhart v. Thomas*, 540 U.S. 20, 24-25, 124 S. Ct. 376, 379-80 (2003). "If at any step a finding of disability or nondisability can be made, the [Commissioner] will not review the claim further." *Thomas*, 540 U.S. at 24, 124 S. Ct. at 379; *see* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). The claimant has the burden of production

3

and proof at steps one through four. *See Bowen v. Yuckert*, 482 U.S. 137, 146 n.5, 107 S. Ct. 2287, 2294 n.5 (1987); *Radford v. Colvin*, 734 F.3d 288, 291 (4th Cir. 2013).

First, the Commissioner will consider a claimant's work activity. If the claimant is engaged in substantial gainful activity, then the claimant is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i).

Second, if the claimant is not engaged in substantial gainful activity, the Commissioner looks to see whether the claimant has a "severe" impairment, i.e., an impairment or combination of impairments that significantly limits the claimant's physical or mental ability to do basic work activities. *Pass v. Chater*, 65 F.3d 1200, 1203 (4th Cir. 1995); *see* 20 C.F.R. §§ 404.1520(c), 404.1521(a), 416.920(c), 416.921(a).[3]

Third, if the claimant has a severe impairment, then the Commissioner will consider the medical severity of the impairment. If the impairment meets or equals one of the presumptively disabling impairments listed in the regulations, then the claimant is considered disabled, regardless of age, education, and work experience. 20 C.F.R. §§ 404.1520(a)(4)(iii), 404.1520(d), 416.920(a)(4)(iii), 416.920(d); *see Radford*, 734 F.3d at 293.

Fourth, if the claimant's impairment is severe, but it does not meet or equal one of the presumptively disabling impairments, then the Commissioner will assess the claimant's RFC to determine the claimant's "ability to meet the physical, mental, sensory, and other requirements" of the claimant's past relevant work. 20 C.F.R. §§ 404.1520(a)(4)(iv), 404.1545(a)(4),

---

[3] The ability to do basic work activities is defined as "the abilities and aptitudes necessary to do most jobs." 20 C.F.R. §§ 404.1521(b), 416.921(b). These abilities and aptitudes include (1) physical functions such as walking, standing, sitting, lifting, pushing, pulling, reaching, carrying, or handling; (2) capacities for seeing, hearing, and speaking; (3) understanding, carrying out, and remembering simple instructions; (4) use of judgment; (5) responding appropriately to supervision, co-workers, and usual work situations; and (6) dealing with changes in a routine work setting. *Id.* §§ 404.1521(b)(1)-(6), 416.921(b)(1)-(6); *see Yuckert*, 482 U.S. at 141, 107 S. Ct. at 2291.

4

416.920(a)(4)(iv), 416.945(a)(4). RFC is a measurement of the most a claimant can do despite his or her limitations. *Hines v. Barnhart*, 453 F.3d 559, 562 (4th Cir. 2006); *see* 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1). The claimant is responsible for providing evidence the Commissioner will use to make a finding as to the claimant's RFC, but the Commissioner is responsible for developing the claimant's "complete medical history, including arranging for a consultative examination(s) if necessary, and making every reasonable effort to help [the claimant] get medical reports from [the claimant's] own medical sources." 20 C.F.R. §§ 404.1545(a)(3), 416.945(a)(3). The Commissioner also will consider certain non-medical evidence and other evidence listed in the regulations. *See id.* If a claimant retains the RFC to perform past relevant work, then the claimant is not disabled. *Id.* §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv).

Fifth, if the claimant's RFC as determined in step four will not allow the claimant to perform past relevant work, then the burden shifts to the Commissioner to prove that there is other work that the claimant can do, given the claimant's RFC as determined at step four, age, education, and work experience. *See Hancock v. Astrue*, 667 F.3d 470, 472-73 (4th Cir. 2012). The Commissioner must prove not only that the claimant's RFC will allow the claimant to make an adjustment to other work, but also that the other work exists in significant numbers in the national economy. *See Walls*, 296 F.3d at 290; 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). If the claimant can make an adjustment to other work that exists in significant numbers in the national economy, then the Commissioner will find that the claimant is not disabled. If the claimant cannot make an adjustment to other work, then the Commissioner will find that the claimant is disabled. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).

## III

## Substantial Evidence Standard

The Court reviews an ALJ's decision to determine whether the ALJ applied the correct legal standards and whether the factual findings are supported by substantial evidence. *See Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). In other words, the issue before the Court "is not whether [Plaintiff] is disabled, but whether the ALJ's finding that [Plaintiff] is not disabled is supported by substantial evidence and was reached based upon a correct application of the relevant law." *Id.* The Court's review is deferential, as "[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). Under this standard, substantial evidence is less than a preponderance but is enough that a reasonable mind would find it adequate to support the Commissioner's conclusion. *See Hancock*, 667 F.3d at 472; *see also Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427 (1971).

In evaluating the evidence in an appeal of a denial of benefits, the court does "not conduct a *de novo* review of the evidence," *Smith v. Schweiker*, 795 F.2d 343, 345 (4th Cir. 1986), or undertake to reweigh conflicting evidence, make credibility determinations, or substitute its judgment for that of the Commissioner. *Hancock*, 667 F.3d at 472. Rather, "[t]he duty to resolve conflicts in the evidence rests with the ALJ, not with a reviewing court." *Smith v. Chater*, 99 F.3d 635, 638 (4th Cir. 1996). When conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled, the responsibility for that decision falls on the ALJ. *Johnson v. Barnhart*, 434 F.3d 650, 653 (4th Cir. 2005) (per curiam).

# IV

## Discussion

Plaintiff contends that the ALJ failed in his duty to develop properly the administrative record. Pl.'s Mem. Supp. Mot. Summ. J. 3-5, ECF No. 16-1 (citing, *inter alia*, *Fleming v. Barnhart*, 284 F. Supp. 2d 256, 272 (D. Md. 2003)). According to Plaintiff, the ALJ failed to obtain pertinent medical records, as "the most recent medical evidence is dated September 9, 2014, 25 months prior to the date of the administrative hearing." *Id.* at 4. For the reasons that follow, Plaintiff's contention is unavailing.

"[T]he administrative hearing process is not an adversarial one, and an ALJ has a duty to investigate the facts and develop the record independent of the claimant or his counsel." *Pearson v. Colvin*, 810 F.3d 204, 210 (4th Cir. 2015) (citing *Cook v. Heckler*, 783 F.2d 1168, 1173-74 (4th Cir. 1986)); *see Sims v. Apfel*, 530 U.S. 103, 110-11, 120 S. Ct. 2080, 2085 (2000). However, "on review, a district court considers not whether the medical record before the ALJ was exhaustive, but whether the record was complete enough to allow the ALJ to make all necessary determinations based upon substantial evidence, and whether any gaps in the record led to unfairness or prejudice for the claimant." *Boyd v. Astrue*, Civil Action No. BPG-09-0150, 2010 WL 3369362, at *4 (D. Md. Aug. 23, 2010).

Here, the ALJ denied Plaintiff's request for time to obtain additional medical records because his representatives, who had been appointed to his case since December 2013, had "ample time to obtain any outstanding medical records." R. at 21. "[T]he ALJ is not required to act as the claimant's advocate in order to meet his duty to develop the record," especially when "neither counsel nor the claimant [has] obtained (or, so far as [the Court] can tell, tried to obtain) for themselves the records about which they now complain—suggesting that counsel has

abandoned his role as advocate in favor of relegating that responsibility to the ALJ." *Maes v. Astrue*, 522 F.3d 1093, 1097 (10th Cir. 2008). In any event, as the Commissioner points out, after an ALJ issues his decision, a claimant may submit additional evidence for review by the Appeals Council. *See* 20 C.F.R. § 404.1512(a). Although Plaintiff included a September 7, 2016, radiology report with his request on November 30, 2016, for review by the Appeals Council (R. at 62-63, 136-37), he submitted no additional evidence to the Appeals Council before it denied his request on June 28, 2017 (R. at 1-7). Plaintiff advised the Appeals Council that his "lawyer didn't supply all medical records at [the] hearing. There is a lot more." R. at 136. There is no indication, however, that Plaintiff "has ever tried to obtain the medical records he claims the ALJ should have obtained, which casts considerable doubt on the relevance of the evidence and existence of any prejudice he may have suffered from the ALJ's not obtaining it." *Hanson v. Apfel*, 173 F.3d 863, No. 98-5127, 1999 WL 160821, at *2 (10th Cir. Mar. 24, 1999) (unpublished table decision) (citing *Hawkins v. Chater*, 113 F.3d 1162, 1169 (10th Cir. 1997)); *see Shannon v. Chater*, 54 F.3d 484, 488 (8th Cir. 1995) ("[R]eversal due to failure to develop the record is only warranted where such failure is unfair or prejudicial."). Plaintiff, moreover, does not now seek a remand under the sixth sentence of 42 U.S.C. 405(g) for the Commissioner to consider new, material evidence. *See* 42 U.S.C. § 405(g) ("The court . . . may at any time order additional evidence to be taken before the Commissioner of Social Security, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding . . . ."). Plaintiff, in fact, "has failed to point to *any* specific piece of evidence not considered by the Commissioner that might have changed the outcome of his disability claim." *Reid v. Comm'r of Soc. Sec.*, 769 F.3d 861, 865 (4th Cir. 2014). Because Plaintiff does not show how any purported gaps in the record have

led to unfairness or prejudice, his argument that the ALJ failed to develop the record is unavailing.

In sum, substantial evidence supports the decision of the ALJ, who applied the correct legal standards here. Thus, Defendant's Motion for Summary Judgment is **GRANTED**, Plaintiff's Motion for Summary Judgment is **DENIED**, and the Commissioner's final decision is **AFFIRMED**.

## V

## Conclusion

For the reasons stated above, Defendant's Motion for Summary Judgment (ECF No. 17) is **GRANTED**. Plaintiff's Motion for Summary Judgment (ECF No. 16) is **DENIED**. The Commissioner's final decision is **AFFIRMED**. A separate order will issue.

Date: October 19, 2018                                /s/
                                        Thomas M. DiGirolamo
                                        United States Magistrate Judge